# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GOOGLE LLC,

    Petitioner,

v.

BP FUNDING TRUST,

    Respondent.

)
)
)
)
)
)
)
)
)

C.A. No. _____

**MOTION TO COMPEL BP FUNDING TRUST
TO COMPLY WITH SUBPOENAS ON AN EXPEDITED BASIS**

    1.    In this ancillary action, Defendant Google LLC ("Google") moves for an order compelling third party BP Funding Trust ("BP Funding Trust") to comply, on an expedited basis, with Google's subpoenas attached hereto as Exhibits 1-2 seeking documents and testimony for use in ten separate cases captioned *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Google LLC*, Case Nos. 6:20-cv-571, 6:20-cv-572, 6:20-cv-573, 6:20-cv-575, 6:20-cv-576, 6:20-cv-579, 6:20-cv-580, 6:20-cv-583, 6:20-cv-584, and 6:20-cv-585, each of which is pending in the United States District Court for the Western District of Texas Waco Division. In these ten cases, to which the subpoenas refer collectively as the "WSOU v. Google Litigations," WSOU Investments, LLC (the plaintiff in the underlying actions, "WSOU") has sued Google for alleged patent infringement. BP Funding Trust is a non-party to the WSOU v. Google Litigations which possesses information relevant to the parties' claims and defenses, including information concerning a security interest in the asserted patents.

    2.    Rule 45 of the Federal Rules of Civil Procedure allows a party to obtain a subpoena to command a nonparty to produce documents or tangible things in its possession, custody, or control. Fed. R. Civ. P. 45. The scope of discovery through a subpoena under Rule 45 is the same

as under Rules 26 and 34 of the Federal Rules of Civil Procedure.  *See* 9A Charles Alan Wright et al., Federal Practice and Procedure § 2452 (3d ed. 2019) (collecting cases).  To that end, a party may obtain discovery of any non-privileged matter that is relevant to any claims or defenses.  Fed. R. Civ. P. 26(b)(1).  "[I]t is well recognized that the federal rules allow broad and liberal discovery."  *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)).

3.     Although the subpoenas were issued by the Western District of Texas, they require compliance in the District of Delaware, where BP Funding Trust is subject to service and, hence, where the subpoenas commanded the production of documents and the deposition to occur.  Rule 37 provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The proper venue in which to file a motion to compel a nonparty to comply with a subpoena is "the district where compliance is required."  Fed. R. Civ. P. 45(d)(2)(B)(1).  Because the subpoenas here require compliance in Delaware, venue is proper in this Court.

4.     Google served BP Funding Trust on Wednesday, September 8, 2021, through its registered agent in Delaware.  (Ex. 3).  The response to Google's document subpoena was due on Wednesday, September 22, the same date on which Google set BP Funding Trust's deposition. (Exs. 1-2.)  BP Funding Trust failed to respond.

5.     BP Funding Trust is a special purpose investment vehicle controlled by a specialty finance company.  (Ex. 4).

6.     BP Funding Trust held a security interest in the asserted patents in the underlying litigations.  (Ex. 5 (PTO Assignment Record) at 133 (Reel 056526/Frame 0225)).  This security interest was not released on most of the patents-in-suit until June 3, 2021, nearly one year after the

filing of the lawsuits by WSOU against Google on June 29, 2020.  (*Id.* at 65 (Reel 056526/Frame 0157)).  The communications sought by the subpoena concerning the scope of the security interest agreement, and the underlying loan agreement between the plaintiff in the underlying actions, WSOU Investments, LLC ("WSOU") and BP Funding Trust which sets out the scope of the security agreement, are relevant to the issue of whether or not WSOU had standing to assert the patents in the underlying litigations.

7.      Pursuant to D. Del. L.R. 7.1.1, Google met and conferred with counsel for BP Funding Trust on October 5, 2021 during which the parties reached an agreement whereby BP Funding Trust would produce certain documents on or before October 15, 2021 in exchange for Google not filing a motion to compel.  (Ex 7).  Based on the facts set forth herein, *infra*, Google was made aware on October 14, 2021 that BP Funding Trust would not uphold its agreement to produce such documents.  (Ex. 12).  Because of the approaching fact discovery cutoff on October 22, 2021 in the underlying actions, Google had no choice but to file this expedited motion to compel to seek this highly relevant discovery.

## I.      PROCEDURAL HISTORY

### A.      Google Subpoenas BP Funding Trust

8.      Google served BP Funding Trust on September 8, 2021, through its registered agent in Delaware.  (Ex. 3).  The response to Google's document subpoena was due on September 22, 2021, the same date on which Google set BP Funding Trust's deposition.  (Exs. 1-2.)  BP Funding Trust failed to respond.  Google first heard from BP Funding Trust on October 1, 2021, through attorney Robert Millimet of Stanton LLP.  (Ex. 6.)  Mr. Millimet stated that he was in the process of being retained in connection with the third-party discovery sought in Google's subpoenas.  (*Id.*)

He requested three to four days to get up to speed on the matter before meeting and conferring, and Google agreed.  (*Id.*)

9.      Google's counsel, including its Delaware counsel, set a meeting on October 4 with Mr. Millimet.  (*Id.*)  However, when Google joined the teleconference, Mr. Millimet informed Google that he had still not been retained.  Again, Google extended the professional courtesy of postponing the meet and confer.

**B.      BP Funding Trust Agrees to Produce Substantial Documents to Google**

10.      On October 5, Mr. Millimet was finally retained by his client, and he indicated that he was prepared to discuss the subpoenas Google served to BP Funding Trust.  (Ex. 7).

11.      During this call, BP Funding Trust and Google reached an agreement under which BP Funding Trust would produce substantial documents to Google in exchange for Google not pursuing a motion to compel.  The categories of documents that BP Funding Trust agreed to produce were:

> Any documents or communications (including email) leading up to and including the loan or security agreement entered into by and between BP and WSOU Investments, LLC, or its affiliates (collectively "WSOU") in or around May of 2019.

> The security or loan agreement itself between BP and WSOU.

> Any documents (including forwarded communication) provided to BP by WSOU at any time regarding the assets securing the loan, inclusive of any documents provided to BP by counsel for WSOU.  This would include any valuations or opinions regarding any of the assets/patents inclusive of things like market analysis, licensing forecasts or strength of one or more patents in the portfolio.  We agreed that BP would not have to provide a privilege log, at this time, reflecting communications it had with its own outside counsel regarding these assets.

> Any documents or communications (including email) leading up to and including the transfer or sale of the security interest or loan with WSOU to a third party in or around January of 2020.  These would include communications with WSOU and/or with a third party.

> The official agreement or instrument executed in conveying the WSOU loan or security agreement to the third party.

(Ex. 7).  BP Funding Trust agreed to produce these documents by Friday, October 15, 2021.  (Ex. 8.)

12.     In exchange for this document production by BP Funding Trust, Google was "willing to postpone filing any motion to compel on either the subpoena for documents or deposition in light of BP's agreement to provide the documents it believes it has in its possession by October 15, 2021." (Ex. 7).  Google "further agreed to postpone the question of whether or not Google would proceed with a deposition of BP until after the documents had been produced on October 15, 2021 and Google had an opportunity to assess whether a deposition was necessary at that time."  *Id.*

13.     There is no dispute about any of this.  Google memorialized the "productive meet and confer" discussion the very same day in an email to BP Funding Trust.  (Ex. 7).  The following day, October 6, BP Funding Trust unreservedly accepted the statements in Google's October 5 email, stating:

> Thank you. This email will confirm BP Funding Trust's acknowledgment of your accurate recitation of the agreements reached during our meet and confer yesterday concerning the two subpoenas issued by Google LLC to BP Funding Trust.

(Ex. 8).

14.     In the same correspondence, BP Funding Trust committed to additionally search for and produce communications with WSOU regarding the relevant security interest.

> In addition, per your request, BP Funding Trust will agree to produce any documents or communications with WSOU after January 2020, to the extent any such materials concerning the loan and the patents exist.

*Id.*

15.     Google acknowledged its mutual understanding with BP Funding Trust by email message the same day, October 6.  (Ex. 9).

16.     On Tuesday, October 12, BP Funding Trust even emailed Google once more, to provide assurances that its document production was still "on track" for Friday, October 15.  (Ex. 10 ("We are on track to produce the BasePoint documents on Friday.")).  In the same message, counsel for BP Funding Trust stated that he had been retained to represent Terrier in Google's related motion to compel, No. 1:21-00419, and requested a meeting to discuss the pending motion to compel Terrier.  (*Id.*).

### C.     One Day Before BP Funding Trust's Scheduled Production, Plaintiff in the Underlying Case Appears, and BP Funding Trust Reneges on Its Agreement

17.     On October 14, 2021, WSOU sent Google an email, cc'ing Mr. Millimet, demanding that Google "immediately" withdraw its subpoenas on BP Funding Trust.  (Ex. 11). WSOU was served with notice of the subpoenas on BP Funding Trust over a month ago on September 8, 2021 and despite extensive meet-and-confers with Google on a host of discovery issues during that time frame, has never raised any objection to the subpoenas.  It was not until the eve of BP Funding Trust's agreed document production, and with only a week left in fact discovery in the underlying case, that WSOU attempted to intervene in the process.  (*See, e.g.*, No. 6:20-cv-571 (W.D. Tex.), D.I. 33 (First Amended Scheduling Order) at 3).

18.     Google immediately tried to reach counsel for BP Funding Trust, leaving a voicemail with BP Funding Trust counsel, Robert Millimet, requesting an urgent teleconference with Mr. Millimet within thirty minutes of receipt of WSOU's email purportedly objecting to BP's agreed-upon document production.  Mr. Millimet responded with a short email message confirming that BP Funding Trust would no longer honor its agreement to produce documents

today, but instead that he would "talk[] to the client in the morning tomorrow to discuss this afternoon's developments," after which he would let Google know "what the plan is."  (Ex. 12). Google wrote back, confirming that BP Funding Trust would no longer abide by the parties' agreement.  (*Id.*).  BP Funding Trust did not reply.

19.     As of the filing of this motion, BP Funding Trust has provided neither objections nor any formal response to either of the subpoenas served by Google on September 8, 2021.

## II.     ARGUMENT

### A.     Google's Requests Seek Relevant Information

20.     Rule 45 of the Federal Rules of Civil Procedure allows a party to obtain a subpoena to command a nonparty to produce documents or tangible things in its possession, custody, or control.  Fed. R. Civ. P. 45.  The scope of discovery through a subpoena is the same as under Rules 26 and 34 of the Federal Rules of Civil Procedure.  *See* 9A Charles Alan Wright et al., Federal Practice and Procedure § 2452 (3d ed. 2019) (citing cases).  A party may obtain discovery of any non-privileged matter that is relevant to any claims or defenses.  Fed. R. Civ. P. 26(b)(1).  "[I]t is well recognized that the federal rules allow broad and liberal discovery."  *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)).

21.     Here, the documents and testimony sought by Google's subpoenas are relevant to the issue of whether or not the plaintiff in the underlying actions, WSOU, has standing to assert one or more of the patents-in-suit against Google.  *See e.g*., *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp*., 925 F.3d 1225 (Fed. Cir. 2019); *see also Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. CV 17-1658-CFC, 2020 WL 7771219, at *8 (D. Del. Dec. 30, 2020).

– 7 –

22.     BP Funding Trust was issued a security interest in one or more of the patents-in-suit prior to the filing of the lawsuits against Google.  (Ex. 5 (PTO Assignment Record) at 133 (Reel 056526/Frame 0225)).  This security interest remained in place until almost a year after the filing of the complaints against Google, when another entity named Terrier SSC, LLC filed a release of security interest with the Patent and Trademark Office.   (*See id.* at 65 (Reel 056526/Frame 0157)).  The document filed with the PTO states that the security interest was assigned from BP Funding Trust to Terrier at some undisclosed point during the pending litigation against Google.  *Id.*

23.     The underlying agreements and communications regarding what portion of ownership in one or more of the patents-in-suit resided with either BP Funding Trust or Terrier at the time of the filing of these lawsuits, is a relevant and discoverable issue.   To date, WSOU has refused to produce any documentation from or with BP Funding Trust or Terrier and has directed Google to publicly available information only.  This public information, however, is insufficient for the purposes of determining the nature of plaintiff's interest in the asserted patents when WSOU filed the underlying suit, and Google has served these subpoenas to seek discoverable information relevant to the question of standing.  BP Funding Trust waived any objections to the subpoenas when it failed to respond.  (*See PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.,* No. CIV.A. 08-53-JJF, 2010 WL 2836388, at *1 (D. Del. July 16, 2010)).  Moreover, the relevance of the documents and testimony sought outweighs any purported burden BP Funding Trust may assert in complying with the subpoenas.

**B.**     **BP Agreed Weeks Ago to Produce Documents in Response to the Subpoena**

24.     The facts here are remarkable—not only has the subject of this Motion agreed both in person and explicitly in writing to search for responsive documents, it has also agreed that numerous documents exist, and has agreed to produce those documents by a date certain.  (Ex. 8).

25.     Specifically, counsel for BP Funding Trust offered to produce the documents that fall into the following categories:

> Any documents or communications (including email) leading up to and including the loan or security agreement entered into by and between BP and WSOU Investments, LLC, or its affiliates (collectively "WSOU") in or around May of 2019.

> The security or loan agreement itself between BP and WSOU.

> Any documents (including forwarded communication) provided to BP by WSOU at any time regarding the assets securing the loan, inclusive of any documents provided to BP by counsel for WSOU.  This would include any valuations or opinions regarding any of the assets/patents inclusive of things like market analysis, licensing forecasts or strength of one or more patents in the portfolio.  We agreed that BP would not have to provide a privilege log, at this time, reflecting communications it had with its own outside counsel regarding these assets.

> Any documents or communications (including email) leading up to and including the transfer or sale of the security interest or loan with WSOU to a third party in or around January of 2020.  These would include communications with WSOU and/or with a third party.

> The official agreement or instrument executed in conveying the WSOU loan or security agreement to the third party.

 (Ex. 7).   These documents are relevant, and by its own admission, BP Funding Trust has already collected them and has identified no burden in producing the documents in short order.

**C.**     **BP Waived Its Objections**

26.     To the extent BP Funding Trust purports to belatedly object to the subpoenas, any objections have already been waived.  Rule 45 provides that a nonparty served with a subpoena may object, but "[t]he objection must be served before the earlier of the time specified for

compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, both the 14 days and the time for compliance have passed.

27.     "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection, including privilege."); *In re Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988) (enforcing a nonparty subpoena over untimely objections because the respondent "did not even contact" the party who served the subpoena within the time for compliance and because the "failure to object timely constitutes a waiver of any objections"). Moreover, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g).

28.     BP Funding Trust was properly served, yet it failed to make any timely objections. Google properly effected service through BP Funding Trust's registered agent, as documented by the proof of service. (Ex. 3). By choosing to ignore Google's subpoenas until long after the response date, BP Funding Trust waived any and all objections. *See PHL Variable Ins.,* 2010 WL 2836388, at *1 (concluding that where a third party did not move to quash until after the subpoena compliance date, and has responded to some document requests, he "has waived his right to object to the subpoena"); *see also Health Robotics, LLC v. Bennett,* No. 9-0627, 2009 WL 10687682, at *1 (E.D. Pa. Aug. 24, 2009) (Non-parties "did not object to the subpoenas within fourteen (14) days of when they were served, but instead waited over a month to file the instant Motion. Having not timely objected, Non-parties have waived any objections").

– 10 –

29.     Even if BP Funding Trust now attempts to quash the subpoenas, this Court should compel it to produce the requested documents and testimony as set forth in Google's subpoenas, because the relevance of the discovery sought, Google's need for such discovery, and the minimal hardship to BP Funding Trust favors production of the requested discovery.  *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena").

30.     Accordingly, pursuant to Rules 37(a)(2) and 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Google respectfully moves this Court to compel BP Funding Trust to comply with Google's requests for both deposition testimony and the production of documents.  Google respectfully requests that this Motion be considered on an expedited basis in light of the impending close of discovery in the WSOU v. Google Litigations on October 22, 2021.  *See, e.g.*, No. 6:20-cv-571 (W.D. Tex.), D.I. 33 (First Amended Scheduling Order) at 3.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Brian P. Egan

OF COUNSEL:

_____

Matthew S. Warren
Jennifer A. Kash
Erika Warren
WARREN LEX LLP
2261 Market Street, Suite 606
San Francisco, CA  94114
(415) 895-2940

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Google LLC*

– 11 –

Tharan Gregory Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

Dated: October 15, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF.

I further certify that copies of the foregoing document will be served upon the following in the manner indicated:

BP Funding Trust                                                   *VIA ELECTRONIC MAIL*
℅ Robert Millimet
Comerica Bank Tower
1717 Main St Suite 3800
Dallas, TX 75201
Rob@stantonllp.com

*Counsel for BP Funding Trust*

/s/ Brian P. Egan_____
Brian P. Egan (#6227)