# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>Defendants. | Case Numbers:<br>**6:20-cv-00473-ADA**[1]<br>6:20-cv-00474-ADA<br>6:20-cv-00475-ADA<br>6:20-cv-00476-ADA<br>6:20-cv-00477-ADA<br>6:20-cv-00478-ADA<br>6:20-cv-00479-ADA<br>6:20-cv-00480-ADA<br>6:20-cv-00481-ADA<br>6:20-cv-00482-ADA<br>6:20-cv-00485-ADA<br>6:20-cv-00486-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION,<br><br>Defendant. | Case Numbers:<br>**6:20-cv-00487-ADA**<br>6:20-cv-00488-ADA<br>6:20-cv-00489-ADA<br>6:20-cv-00490-ADA<br>6:20-cv-00491-ADA<br>6:20-cv-00492-ADA<br>6:20-cv-00493-ADA<br>6:20-cv-00494-ADA<br>6:20-cv-00495-ADA<br>6:20-cv-00496-ADA<br>6:20-cv-00497-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case Numbers:<br>**6:20-cv-00571-ADA**<br>6:20-cv-00572-ADA<br>6:20-cv-00573-ADA<br>6:20-cv-00575-ADA<br>6:20-cv-00576-ADA<br>6:20-cv-00579-ADA<br>6:20-cv-00580-ADA<br>6:20-cv-00583-ADA<br>6:20-cv-00584-ADA<br>6:20-cv-00585-ADA |

---

[1] This document is being e-filed *only* in the low-number proceedings, as indicated by the case numbers with bold typeface.

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>       Plaintiff,<br><br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>       Defendant. | Case Numbers:<br>**6:20-cv-00725-ADA**<br>6:20-cv-00726-ADA<br>6:20-cv-00728-ADA<br>6:20-cv-00730-ADA<br>6:20-cv-00783-ADA |
| GOOGLE, LLC,<br><br>       Petitioner,<br><br>   v.<br><br>TERRIER SSC, LLC,<br><br>       Respondent. | Case Number:<br>**6:21-mc-01269-ADA** |
| GOOGLE, LLC,<br><br>       Petitioner,<br><br>   v.<br><br>BP FUNDING TRUST,<br><br>       Respondent. | Case Number:<br>**6:21-mc-01270-ADA** |
| GOOGLE, LLC,<br><br>       Petitioner,<br><br>   v.<br><br>AQUA LICENSING, LLC,<br><br>       Respondent. | Case Number:<br>**6:21-mc-01309-ADA** |

**REPLY DECLARATION OF MORGAN E. PIETZ
WITH <u>EXHIBITS 18 TO 24</u>**

I, Morgan E. Pietz, am over the age of 18, competent to testify, have personal knowledge as to those facts set forward below, and if called to do so, I hereby declare that I could and would testify in this action as follows:

1.      I am an attorney licensed to practice law in the State of California, and I am admitted to all the state and federal courts in California, including the U.S. District Court for the Central District of California.  I represent the "Requesting Non-Parties" BP Funding Trust, BasePoint Administrative, LLC, Terrier SSC, LLC, and Aqua Licensing, LLC.  I am admitted *pro hac vice* in the three miscellaneous proceedings before this Court involving some of those clients, case numbers: 6:21-mc-01269-ADA, 6:21-mc-01270-ADA, and 6:21-mc-01309-ADA. And my application for general purpose admission to the Western District of Texas was submitted in December and is currently in process.  Once admitted, I intend to appear in the four low-number cases identified in the captions above.

2.      Attached hereto as <u>Exhibit 18</u> is a true and correct copy of the belated response to my requests to meet and confer that I received from counsel for ZTE at 7:22 pm Pacific / 9:22 p.m. Central on the night the instant motion was filed, January 21, 2022, and my response.

3.      Attached hereto as <u>Exhibit 19</u> is a true and correct copy of an August 17, 2021, email from prior counsel for Aqua to counsel for Google, noting that Aqua was objecting not only to the document requests but also to the deposition subpoena.

4.      Attached hereto as <u>Exhibit 20</u> is a true and correct copy of a September 22, 2021 email thread from counsel for BasePoint Administrative, LLC to counsel for Dell in which they discuss Dell potentially withdrawing its subpoena because it was directed to the wrong entity.

5.      Attached hereto as <u>Exhibit 21</u> is a true and correct copy of relevant excerpts of the discovery matrix submitted to the Court in connection with the WSOU v. Microsoft case prior to the September 7, 2021 discovery hearing.  My understanding from counsel for WSOU is that the redactions here have been agreed by both WSOU and Microsoft.

6.      Attached hereto as <u>Exhibit 22</u> is a true and correct copy of relevant excerpts of the September 7, 2021 discovery hearing in the WSOU v. Microsoft case.  My understanding from counsel for WSOU is that the redactions here have been agreed by both WSOU and Microsoft.

7.      Attached hereto as <u>Exhibit 23</u> is a true and correct copy of relevant excerpts of the discovery matrix submitted to the Court in connection with the WSOU v. Microsoft case prior to the October 7, 2021 discovery hearing.  At pages 14-16 the parties discuss testimony from a 30(b)(6) witness of WSOU, Stuart Shanus, relevant to the BP Funding Trust and Terrier SSC liens.   My understanding from counsel for WSOU is that the redactions here have been agreed by both WSOU and Microsoft.

8.      Attached hereto as <u>Exhibit 24</u> is a true and correct copy of relevant excerpts of the October 7, 2021 discovery hearing in the WSOU v. Microsoft case.  My understanding from counsel for WSOU is that the redactions here have been agreed by both WSOU and Microsoft.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 4, 2022 at Los Angeles, California by  ___                              _____

                                                                Morgan E. Pietz

# EXHIBIT 18

**Morgan Pietz**

| | |
|---|---|
| **From:** | Morgan Pietz |
| **Sent:** | Friday, January 21, 2022 7:59 PM |
| **To:** | 'Schulz, Bradford'; Blythe, Andrew Philip; Franzinger, Michael; jen@warrenlex.com; EXT-BRosenthal@gibsondunn.com |
| **Cc:** | Mark Siegmund; Admin; CA-BrazosTrials@carterarnett.com; Hatcher, Michael D.; Dan MacLemore; Diego Salazar; Hartman, Sarah G.; EXT-AKathir@gibsondunn.com; IPTeam; Jim Etheridge; Julie Goerlinger; mikejones@potterminton.com; Rob Millimet; Rousseau, Timothy J.; bshelton@sheltoncoburn.com; Ryan Loveless; WSOU-Google@jonesday.com; Sabanoglu, Kyanna; Jen Kash; WSOUPOTTER GROUP; caribou@matters.warrenlex.com; Butcher, Callie; *** GDC-Dell_WSOU; jbennett@carterarnett.com; sbreedlove@carterarnett.com; Lavenue, Lionel; Lecaroz, Rebecca MacDowell; Mian, Haroon N. |
| **Subject:** | RE: WSOU Investments - Limited Purpose Consolidation as to Certain Third Party Discovery |

Mr. Schulz,

Though you may think your update is critical, it's a day late and a dollar short as far as I'm concerned.  I had asked you to write up ZTE's final position by yesterday.

If you're placing all your eggs in the transfer out of the Western District of Texas basket, and thus refusing to participate in further proceedings before that court in view of what you think might happen with respect to a transfer mandamus, then I assume you'll also be withdrawing your subpoenas issued by the Western District of Texas, and I'm going to go ahead and ignore your further emails asking for anything in relation to them.

If you think you might want to keep open the possibility of seeking discovery from my clients based on your current subpoenas, then I look forward to seeing ZTE's response to the forthcoming consolidation motion, the filing of which is already in progress.

Have a nice weekend.

Best regards,
Morgan


Morgan E. Pietz
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Ave., 2nd Floor
Culver City, CA 90230
morgan@pstrials.com
(310) 424-5557

*WE HAVE MOVED.  PLEASE NOTE OUR NEW OFFICE MAILING ADDRESS*


*This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges.  If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.*

**From:** Schulz, Bradford <Bradford.Schulz@finnegan.com>
**Sent:** Friday, January 21, 2022 7:22 PM
**To:** Blythe, Andrew Philip <ABlythe@gibsondunn.com>; Franzinger, Michael <mfranzinger@sidley.com>; Morgan Pietz <morgan@pstrials.com>; jen@warrenlex.com; EXT-BRosenthal@gibsondunn.com <BRosenthal@gibsondunn.com>
**Cc:** Mark Siegmund <mark@swclaw.com>; Admin <admin@pstrials.com>; CA-BrazosTrials@carterarnett.com; Hatcher, Michael D. <mhatcher@sidley.com>; Dan MacLemore <maclemore@thetexasfirm.com>; Diego Salazar <salazar@thetexasfirm.com>; Hartman, Sarah G. <SHartman@brownrudnick.com>; EXT-AKathir@gibsondunn.com <AKathir@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>; Julie Goerlinger <julie@pstrials.com>; mikejones@potterminton.com; Rob Millimet <Rob@stantonllp.com>; Rousseau, Timothy J. <TRousseau@brownrudnick.com>; bshelton@sheltoncoburn.com; Ryan Loveless <ryan@etheridgelaw.com>; WSOU-Google@jonesday.com; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Jen Kash <jen@warrenlex.com>; WSOUPOTTER GROUP <WSOUGoogle@potterminton.com>; caribou@matters.warrenlex.com; Butcher, Callie <cbutcher@sidley.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; jbennett@carterarnett.com; sbreedlove@carterarnett.com; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Lecaroz, Rebecca MacDowell <rlecaroz@brownrudnick.com>; Mian, Haroon N. <HMian@brownrudnick.com>
**Subject:** RE: WSOU Investments - Limited Purpose Consolidation as to Certain Third Party Discovery

Morgan,

We write now with ZTE's positions and a critical update.

Today, the Federal Circuit ordered briefing on ZTE's Writ of Mandamus appealing Judge Albright's transfer order denial. For your reference, the CAFC ordered briefing for Arista, and before the CAFC had an opportunity to issue a ruling, Judge Albright transferred the Arista cases. As such, in the unlikely event that ZTE remains in the WDTX in the near future, it is our position that ZTE *should not* be included in any further discovery rulings in the WDTX until the CAFC resolves the venue issues.

Nevertheless, as for your questions:

- First, ZTE does not agree to join your motion for consolidation.

- Second, with respect to Aqua, it is our understanding—based on your representations—that Aqua anticipates two additional document productions to be completed by February 4, 2022. Until Aqua's production is complete, ZTE is unable to fully evaluate whether it will be necessary to move to compel additional discovery prior to any depositions it may seek. If Aqua actually completes its production by February 4th, and if there are no outstanding production issues, and if ZTE determines that a deposition is needed, ZTE will consider then to coordinate on proposed deposition dates. ZTE, however, is unable to agree at this time, whether to proceed on the proposed date or whether a single seven-hour deposition will suffice.

- Third, with respect to BP & Terrier, ZTE clarified that its subpoenas and requested discovery therein are different from the requested discovery from Google's subpoena and from the subsequent Google Motion to Compel in Delaware. For instance, ZTE's subpoenas are not limited to standing issues, but rather, ZTE's subpoenas seek information pertaining to damages for its particular 11 cases in the WDTX (i.e., the Georgia-Pacific factors). Note that ZTE also has a case in the NTDX, and that case is stayed, so additional discovery will be sought from that other cases in the NDTX, if/when the stay of that case is lifted and if/when discovery begin in that case (but the stay is currently stayed). We have sought your position from BP & Terrier on these damages issues, which it is our understanding, are quite different from the standing issues that are addressed in the sealed Microsoft briefing and the Google Motion to Compel. We further confirmed via email and during the January 20th meet-and-confer that BP & Terrier refuse to provide their legal support to us prior to its planned briefing (and thus further refused to reduce party costs through resolution outside briefing). If briefing proceeds on the Google Motion to Compel, then please include ZTE as well in any communications with the Court.

We look forward to working with you in the near future, whether that is Delaware, the NDTX, or (in the unlikely event) the WDTX.

2

Regards,
Bradford

**Bradford Schulz, Ph.D.**
Attorney at Law
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800, Reston, VA 20190-6023
571.203.2739 | fax 202.408.4400 | bradford.schulz@finnegan.com | www.finnegan.com

---

**From:** Blythe, Andrew Philip <ABlythe@gibsondunn.com>
**Sent:** Friday, January 21, 2022 1:48 PM
**To:** Franzinger, Michael <mfranzinger@sidley.com>; Morgan Pietz <morgan@pstrials.com>; jen@warrenlex.com; EXT-BRosenthal@gibsondunn.com <BRosenthal@gibsondunn.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>
**Cc:** Mark Siegmund <mark@swclaw.com>; Admin <admin@pstrials.com>; CA-BrazosTrials@carterarnett.com; Hatcher, Michael D. <mhatcher@sidley.com>; Dan MacLemore <maclemore@thetexasfirm.com>; Diego Salazar <salazar@thetexasfirm.com>; Hartman, Sarah G. <SHartman@brownrudnick.com>; EXT-AKathir@gibsondunn.com <AKathir@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>; Julie Goerlinger <julie@pstrials.com>; mikejones@potterminton.com; Rob Millimet <Rob@stantonllp.com>; Rousseau, Timothy J. <TRousseau@brownrudnick.com>; bshelton@sheltoncoburn.com; Ryan Loveless <ryan@etheridgelaw.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>; WSOU-Google@jonesday.com; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Jen Kash <jen@warrenlex.com>; WSOUPOTTER GROUP <WSOUGoogle@potterminton.com>; caribou@matters.warrenlex.com; Butcher, Callie <cbutcher@sidley.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; jbennett@carterarnett.com; sbreedlove@carterarnett.com; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Lecaroz, Rebecca MacDowell <rlecaroz@brownrudnick.com>; Mian, Haroon N. <HMian@brownrudnick.com>
**Subject:** RE: WSOU Investments - Limited Purpose Consolidation as to Certain Third Party Discovery

*EXTERNAL* Email:

Morgan,

We confirmed with our client and are willing to join Google's motion to compel discovery from BasePoint.  Please include us on any further correspondence with the Court regarding approval for your proposal that Dell submit supplemental briefing next week and participate in any oral hearing.

Best,

**Andrew Blythe**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3926 • Fax +1 949.475.4630
ABlythe@gibsondunn.com • www.gibsondunn.com

---

**From:** Blythe, Andrew Philip
**Sent:** Thursday, January 20, 2022 8:54 PM
**To:** 'Franzinger, Michael' <mfranzinger@sidley.com>; Morgan Pietz <morgan@pstrials.com>; jen@warrenlex.com; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>
**Cc:** Mark Siegmund <mark@swclaw.com>; Admin <admin@pstrials.com>; CA-BrazosTrials@carterarnett.com; Hatcher, Michael D. <mhatcher@sidley.com>; Dan MacLemore <maclemore@thetexasfirm.com>; Diego Salazar

<salazar@thetexasfirm.com>; Hartman, Sarah G. <SHartman@brownrudnick.com>; Kathir, Allen <AKathir@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>; Julie Goerlinger <julie@pstrials.com>; mikejones@potterminton.com; Rob Millimet <Rob@stantonllp.com>; Rousseau, Timothy J. <TRousseau@brownrudnick.com>; bshelton@sheltoncoburn.com; Ryan Loveless <ryan@etheridgelaw.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>; WSOU-Google@jonesday.com; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Jen Kash <jen@warrenlex.com>; WSOUPOTTER GROUP <WSOUGoogle@potterminton.com>; caribou@matters.warrenlex.com; Butcher, Callie <cbutcher@sidley.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; jbennett@carterarnett.com; sbreedlove@carterarnett.com; Lionel.Lavenue@finnegan.com; Lecaroz, Rebecca MacDowell <rlecaroz@brownrudnick.com>; Mian, Haroon N. <HMian@brownrudnick.com>

**Subject:** RE: WSOU Investments - Limited Purpose Consolidation as to Certain Third Party Discovery

Morgan,

We do not agree to join your motion to consolidate.

With respect to Aqua Licensing, you indicated that Aqua intends to make two additional document productions which you represented will be complete by February 4, 2022.  As we told you today, once Aqua completes its productions, we can evaluate whether it will be necessary to move to compel additional discovery in advance of any deposition.  If document production is actually complete on February 4th, and there are no outstanding production issues, and we thereafter determine that a deposition is needed, we will happily work to coordinate around the date you have proposed but cannot guarantee that we can proceed on that date or that a single, seven-hour deposition will suffice given the number of coordinating parties.

With respect to BasePoint, we indicated that we are willing to consider joining Google's motion to compel by submitting any additional briefing on Friday January 28th and by participating in any oral hearing on that motion.  We are awaiting approval from our client and will do our best to have an answer to you tomorrow.  That agreement is of course also subject to the Court's approval of any request that the Dell defendants join in Google's motion.

Best,

Andrew

**Andrew Blythe**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3926 • Fax +1 949.475.4630
ABlythe@gibsondunn.com • www.gibsondunn.com

---

**From:** Franzinger, Michael <mfranzinger@sidley.com>
**Sent:** Thursday, January 20, 2022 4:11 PM
**To:** Morgan Pietz <morgan@pstrials.com>; jen@warrenlex.com; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>
**Cc:** Mark Siegmund <mark@swclaw.com>; Admin <admin@pstrials.com>; CA-BrazosTrials@carterarnett.com; Hatcher, Michael D. <mhatcher@sidley.com>; Dan MacLemore <maclemore@thetexasfirm.com>; Blythe, Andrew Philip <ABlythe@gibsondunn.com>; Diego Salazar <salazar@thetexasfirm.com>; Hartman, Sarah G. <SHartman@brownrudnick.com>; Kathir, Allen <AKathir@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>; Julie Goerlinger <julie@pstrials.com>; mikejones@potterminton.com; Rob Millimet <Rob@stantonllp.com>; Rousseau, Timothy J. <TRousseau@brownrudnick.com>; bshelton@sheltoncoburn.com; Ryan Loveless <ryan@etheridgelaw.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>; WSOU-Google@jonesday.com; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Jen Kash <jen@warrenlex.com>; WSOUPOTTER GROUP

<[WSOUGoogle@potterminton.com](mailto:WSOUGoogle@potterminton.com)>; [caribou@matters.warrenlex.com](mailto:caribou@matters.warrenlex.com); Butcher, Callie <[cbutcher@sidley.com](mailto:cbutcher@sidley.com)>; ***
GDC-Dell_WSOU <[GDC-Dell_WSOU@gibsondunn.com](mailto:GDC-Dell_WSOU@gibsondunn.com)>; [jbennett@carterarnett.com](mailto:jbennett@carterarnett.com); [sbreedlove@carterarnett.com](mailto:sbreedlove@carterarnett.com);
[Lionel.Lavenue@finnegan.com](mailto:Lionel.Lavenue@finnegan.com); Lecaroz, Rebecca MacDowell <[rlecaroz@brownrudnick.com](mailto:rlecaroz@brownrudnick.com)>; Mian, Haroon N.
<[HMian@brownrudnick.com](mailto:HMian@brownrudnick.com)>
**Subject:** RE: WSOU Investments - Limited Purpose Consolidation as to Certain Third Party Discovery

**[WARNING: External Email]**


As indicated in my email of earlier today, HPE is willing to cooperate on discovery but does not believe a formal consolidation is necessary and therefore takes no position at present on the proposed motion.  We reserve the right to take a position and file a response after seeing the motion.

It is not clear to me that your four numbered questions below really call for a response from HPE.  But, as to Google's motions, HPE believes it is entitled to the same materials for similar reasons.  As long as we can get what Google gets, we do not anticipate needing to add on to that discovery by, for example, seeking deposition time of our own with the other entities besides Aqua.  Once we hear back from you on that aspect of my earlier-today email, I think we will have a good idea of where this stands.

Best,
Mike


**MICHAEL R. FRANZINGER**

**SIDLEY AUSTIN LLP**
+1 202 736 8583
[mfranzinger@sidley.com](mailto:mfranzinger@sidley.com)

---

**From:** Morgan Pietz <[morgan@pstrials.com](mailto:morgan@pstrials.com)>
**Sent:** Thursday, January 20, 2022 6:15 PM
**To:** [jen@warrenlex.com](mailto:jen@warrenlex.com); [brosenthal@gibsondunn.com](mailto:brosenthal@gibsondunn.com); Schulz, Bradford <[Bradford.Schulz@finnegan.com](mailto:Bradford.Schulz@finnegan.com)>
**Cc:** Franzinger, Michael <[mfranzinger@sidley.com](mailto:mfranzinger@sidley.com)>; Mark Siegmund <[mark@swclaw.com](mailto:mark@swclaw.com)>; Admin
<[admin@pstrials.com](mailto:admin@pstrials.com)>; [CA-BrazosTrials@carterarnett.com](mailto:CA-BrazosTrials@carterarnett.com); Hatcher, Michael D. <[mhatcher@sidley.com](mailto:mhatcher@sidley.com)>; Dan
MacLemore <[maclemore@thetexasfirm.com](mailto:maclemore@thetexasfirm.com)>; Blythe, Andrew Philip <[ABlythe@gibsondunn.com](mailto:ABlythe@gibsondunn.com)>; Diego
Salazar <[salazar@thetexasfirm.com](mailto:salazar@thetexasfirm.com)>; Hartman, Sarah G. <[SHartman@brownrudnick.com](mailto:SHartman@brownrudnick.com)>; Kathir, Allen
<[AKathir@gibsondunn.com](mailto:AKathir@gibsondunn.com)>; IPTeam <[IPTeam@etheridgelaw.com](mailto:IPTeam@etheridgelaw.com)>; Jim Etheridge <[jim@etheridgelaw.com](mailto:jim@etheridgelaw.com)>;
Julie Goerlinger <[julie@pstrials.com](mailto:julie@pstrials.com)>; Jones, Michael E. (EXTERNAL @POTTERMINTON.COM)
<[mikejones@potterminton.com](mailto:mikejones@potterminton.com)>; Rob Millimet <[Rob@stantonllp.com](mailto:Rob@stantonllp.com)>; Rousseau, Timothy J.
<[TRousseau@brownrudnick.com](mailto:TRousseau@brownrudnick.com)>; [bshelton@sheltoncoburn.com](mailto:bshelton@sheltoncoburn.com); Ryan Loveless <[ryan@etheridgelaw.com](mailto:ryan@etheridgelaw.com)>;
Schulz, Bradford <[Bradford.Schulz@finnegan.com](mailto:Bradford.Schulz@finnegan.com)>; [WSOU-Google@jonesday.com](mailto:WSOU-Google@jonesday.com)>; Sabanoglu, Kyanna
<[KSabanoglu@gibsondunn.com](mailto:KSabanoglu@gibsondunn.com)>; Jen Kash <[jen@warrenlex.com](mailto:jen@warrenlex.com)>; WSOUPOTTER GROUP
<[WSOUGoogle@potterminton.com](mailto:WSOUGoogle@potterminton.com)>; [caribou@matters.warrenlex.com](mailto:caribou@matters.warrenlex.com); Butcher, Callie <[cbutcher@sidley.com](mailto:cbutcher@sidley.com)>;
*** GDC-Dell_WSOU <[GDC-Dell_WSOU@gibsondunn.com](mailto:GDC-Dell_WSOU@gibsondunn.com)>; [jbennett@carterarnett.com](mailto:jbennett@carterarnett.com);
[sbreedlove@carterarnett.com](mailto:sbreedlove@carterarnett.com); [Lionel.Lavenue@finnegan.com](mailto:Lionel.Lavenue@finnegan.com); Lecaroz, Rebecca MacDowell
<[rlecaroz@brownrudnick.com](mailto:rlecaroz@brownrudnick.com)>; Mian, Haroon N. <[HMian@brownrudnick.com](mailto:HMian@brownrudnick.com)>
**Subject:** RE: WSOU Investments - Limited Purpose Consolidation as to Certain Third Party Discovery

Dear Jen, Brian, and Bradford,

Thank you to counsel for Google, Dell, and ZTE, respectively, for participating in today's meet and confer call.  I

thought today was the day we were finally going to get counsel for all four defendants on the phone at the same time to discuss this matter, but, alas, HPE did not join so it was not to be so.

On today's call, I reiterated a request I have made several times last week and again this week that you all please provide your clients' final position on the forthcoming motion for limited consolidation, in writing, by today.  I'll again invite HPE to please do the same.  While nobody is outright agreeing to my proposed order, Google and Dell, at least, have expressed some willingness to potentially cooperate.  (In addition to Google and HPE previously agreeing they would cooperate in doing a single deposition of Aqua not to exceed seven hours).

Specifically, questions I put to Google, Dell, and ZTE today, which I would like to see addressed today (and which I would ask HPE to please respond to as well), are as follows:

(1) Will Dell and ZTE be prepared to participate, along with Google and HPE, in a single deposition of Aqua, not to exceed seven hours, to be conducted on February 22, 2022 (which is a date both Google and WSOU have cleared), assuming Aqua has completed its document production by then, which I indicated Aqua plans to do by February 4?  One thing I did not mention but should have is that I still need to run this date by my client rep, and that he would need to do it via Zoom.  But if all four defendants can agree to cooperate as to doing a single, seven-hour deposition of Aqua on that date, I am inclined to push to make it happen on that day, to accommodate Google and WSOU.

(2) Would Dell and ZTE like to file a brief in support of Google's position on the "Google Motions" related to BP Funding and Terrier, and, if so, will they be prepared to do so by Friday January 28, as proposed in the briefing schedule I circulated earlier this week, that nobody other than Google has yet responded to?

(3) I asked you all to please identify any evidence or other information suggesting that there was ever an event of default making the information sought from BP Funding or Terrier relevant to standing in the first place.  Nobody was able to do so.  Ms. Kash responded that she wanted to see the BP loan agreement that WSOU has apparently now agreed to produce in all of these four groups of cases.  Nobody else could identify anything in this regard, no hint of any default, ever, although counsel for ZTE added that it thought the information sought from BP Funding and Terrier was also relevant to damages, not just standing.  Mr. Schulz picked up the mantle from Mr. Lavenue in focusing on Delaware district court case law, which I indicated I will be more than happy to address in a response brief, should ZTE decide it wishes to be heard on these issues  by filing a brief in support of Google on the Google Motions.

(4) In response to counsel for Dell's comment that "we are doing our own thing," I asked you all to confirm that Google, Dell, ZTE, and HPE are in a joint defense agreement.  Counsel for Dell responded that was "not something we are going to discuss today".  I'm not expecting a further answer on this one, but I am noting for the record that you all refused to answer the question when it was put to you directly.

I look forward to receiving your clients' final responses today.

Best regards,
Morgan


Morgan E. Pietz
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Ave., 2nd Floor
Culver City, CA 90230
morgan@pstrials.com
(310) 424-5557

*WE HAVE MOVED.  PLEASE NOTE OUR NEW OFFICE MAILING ADDRESS*

*This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges.  If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.*

---

**From:** Morgan Pietz
**Sent:** Wednesday, January 19, 2022 9:13 PM
**To:** Blythe, Andrew Philip <ABlythe@gibsondunn.com>; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Kathir, Allen <AKathir@gibsondunn.com>; bshelton@sheltoncoburn.com
**Cc:** Franzinger, Michael <mfranzinger@sidley.com>; Mark Siegmund <mark@swclaw.com>; Admin <admin@pstrials.com>; CA-BrazosTrials@carterarnett.com; Hatcher, Michael D. <mhatcher@sidley.com>; Dan MacLemore <maclemore@thetexasfirm.com>; Diego Salazar <salazar@thetexasfirm.com>; Hartman, Sarah G. <SHartman@brownrudnick.com>; IPTeam <IPTeam@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>; Julie Goerlinger <julie@pstrials.com>; mikejones@potterminton.com; Rob Millimet <Rob@stantonllp.com>; Rousseau, Timothy J. <TRousseau@brownrudnick.com>; Ryan Loveless <ryan@etheridgelaw.com>; Schulz, Bradford <Bradford.Schulz@finnegan.com>; WSOU-Google@jonesday.com; Jen Kash <jen@warrenlex.com>; WSOUPOTTER GROUP <WSOUGoogle@potterminton.com>; caribou@matters.warrenlex.com; Butcher, Callie <cbutcher@sidley.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; jbennett@carterarnett.com; sbreedlove@carterarnett.com; Lionel.Lavenue@finnegan.com
**Subject:** RE: WSOU Investments - Limited Purpose Consolidation as to Certain Third Party Discovery

Mr. Blythe,

Thanks for the response from Dell.

What is the December 13 communication regarding Aqua that you are referring to?  I've never seen it and have no idea what you are talking about.  Please forward me whatever "inquiry" you have in mind.  In any event, I'll be prepared to address a timeframe for Aqua to complete document production on our call.
e
As I've previously noted, the legal basis for my clients' position is Rule 42(a)(3), Rule 26(c), and Rule 45(c)(1).  In response to your newest question you want answered before you'll agree to get on the phone, the doctrine of issue preclusion would allow Dell to be bound "ex ante" to a ruling on the same issues being raised in the Google case.  But I am not actually demanding the Dell be bound to anything ex ante.  I have proposed allowing Dell to file a brief in support of Google's position and to participate at the hearing, such that any decision would be ex post, with Dell's participation allowed, and, indeed, encouraged.

As I have asked you now several times, can you please share whether Dell wants to file a brief in support of Google on the Google Motions, and, if so, by when it can do so?  Alternatively, if Dell is going to decline to file a brief as envisioned in the proposed order, and then argue that it is being unfairly bound by the result of the hearing on the "Google Motions", that's fine too, you can just say that, and we'll get it sorted out with the Court.

I hereby confirm a call for **tomorrow (Thursday) at noon Pacific / 3:00 eastern**.  Given how long you have waited to propose a time, it may be just you and me.  But I hereby invite counsel for all of the concerned parties to participate.  Last chance.

I will circulate a dial-in shortly.

# EXHIBIT 19



**WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)**

Travis Richins <travis@etheridgelaw.com>                                     Tue, Aug 17, 2021 at 4:10 PM
To: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>,
"Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>,
"WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-
585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>
Cc: Jim Etheridge <jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Counsel,

Please find attached Aqua Licensing's objections to Google's document requests. Aqua notes that many (if not all) of the documents Google requests are documents Google can obtain from public sources or from parties to the litigation. Licenses to the patents or the patent portfolio, for example, are documents Google can obtain directly from WSOU. Likewise, any relevant documents relating to chain of title, such as documents sufficient to identify all entities that are currently licensed to any asserted patent, are easily obtainable from public sources and/or from WSOU. Aqua should not be burdened with searching for or producing such documents.

A particular example of Google needlessly burdening Aqua is Google's request for communications between Aqua and *Google*. Google should have these communications and, to the extent Google believes they are relevant, should have already produced them in this litigation. Similarly, if any communications or agreements between Aqua and WSOU are relevant and discoverable, Google should seek them directly from WSOU without burdening Aqua.  Finally, it is Aqua's understanding that Google has already subpoenaed Nokia. Thus, if there are any relevant and discoverable communications between Aqua and Nokia, Google should seek first to obtain them from Nokia.

If Google still demands this information of Aqua, Aqua requests that Google explain the relevance of the information Google is seeking and the reason Google cannot obtain this information from other sources. Aqua will consider any such response from Google. If Aqua does produce documents, Aqua will expect to be reimbursed by Google for Aqua's costs and fees.

Regarding Google's request for a deposition in Delaware, Mr. McMillan does not reside there, is not employed there, and does not regularly conduct business there. Further, the subpoena does not specify a time for the requested deposition. Mr. McMillan is on a boat outside of the country and requests that Google withdraw its burdensome demand for a deposition.  Please confirm that Google will do so.  Alternatively, please confirm that Google will table any discussion of a deposition at least until Google has explained the relevance of the information Google seeks and the reason Google cannot obtain it from other sources.

Aqua would prefer to avoid the burden of seeking court protection from the subpoena. If it is forced to seek protection, Aqua notes that the subpoena is not enforceable as issued, given the lack of a time for the deposition and the location. Please confirm that Aqua need not seek court protection at this time.

Sincerely,

**Travis Richins** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Lanier, Greg <tglanier@JonesDay.com>
**Sent:** Tuesday, August 3, 2021 4:56 PM
**To:** Travis Richins <travis@etheridgelaw.com>; Ellie Silberhorn <ellie@warrenlex.com>; Jim Etheridge <jim@etheridgelaw.com>;
IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@waltfairpllc.com>
**Cc:** Jones (External), Mike <mikejones@potterminton.com>; WSOU Investments LLC v. Google LLC <20-
585@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-571@cases.warrenlex.com>; WSOU Investments LLC v.

Google LLC <20-583@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-580@cases.warrenlex.com>; Mayergoyz, Sasha <smayergoyz@JonesDay.com>; Stitt, Tracy A. <tastitt@JonesDay.com>

[Quoted text hidden]

[Quoted text hidden]

**2021-08-03 Aqua Licensing - Objections.pdf**
122K

# EXHIBIT 20



**From:** Barry Shelton <bshelton@sheltoncoburn.com>
**Date:** September 22, 2021 at 6:32:58 PM CDT
**Subject: Re: BasePoint Administrative LLC**

Rob,

Understood, thanks for letting me know. There are no looming discovery deadlines but we will look forward to your client's response soon.

Regards,

Barry


> On Sep 22, 2021, at 4:52 PM, Rob Millimet <rmmillimet@hotmail.com> wrote:
>
> Hi Barry. I hope all is well. I am sending you this quick note to let you know that I haven't forgotten about you. Unfortunately, I am still waiting to speak with my BasePoint contact to wrap up our tentative agreement on this subpoena. As BasePoint is a private lender, it often happens that my contact gets swallowed up by deals that preclude him from contacting me substantively for periods of time. As soon as I hear from him, I will be in touch. I assume there are no discovery deadline issues in your case that affect this subpoena? If there are, please let me know. Thanks for your patience.
>
>
> Sent from my iPhone
>
>> On Sep 17, 2021, at 10:58 AM, Barry Shelton <bshelton@sheltoncoburn.com> wrote:
>>
>> Thanks, Rob, that's fine.

Barry

-----Original Message-----

From: Rob Millimet <rmmillimet@hotmail.com>

Sent: Friday, September 17, 2021 9:48 AM

To: Barry Shelton <bshelton@sheltoncoburn.com>

Subject: Re: BasePoint Administrative LLC

Hi Barry. Unfortunately, I will need to circle back on this with you early next week. I have been unable to lock this down this week given my and my contact's conflicting schedules. Thank you for your understanding. Have a good weekend.

Sent from my iPhone

> On Sep 14, 2021, at 2:59 PM, Barry Shelton <bshelton@sheltoncoburn.com> wrote:

Thanks, Rob, I'll look forward to hearing from you.

Barry

-----Original Message-----

From: Rob Millimet <rmmillimet@hotmail.com>

Sent: Tuesday, September 14, 2021 1:53 PM

To: Barry Shelton <bshelton@sheltoncoburn.com>

Subject: Re: BasePoint Administrative LLC

Thanks Barry. I will be in touch with BasePoint and get you the information and confirmation discussed below. As one point of clarification, I indicated during our call on 9/9 that the loan was assigned and as a result the entire loan file was transferred. I assume that means BasePoint has no non-duplicative documents, but I will confirm.

> On Sep 13, 2021, at 9:20 PM, Barry Shelton <bshelton@sheltoncob urn.com> wrote:

2

Rob,

Yes, the Defendants will agree to withdraw the subpoena to BasePoint Administrative LLC in exchange for the name and contact information of the party to whom the loan was assigned, in addition to your written confirmation that your client has no responsive documents as you indicated on 9/9, and that the loan was assigned in writing.

Regards,

Barry

-----Original Message-----

From: Rob Millimet <rmmillimet@hotmail.com>

Sent: Monday, September 13, 2021 11:52 AM

To: Barry Shelton <bshelton@sheltoncoburn.com>

Subject: Re: BasePoint Administrative LLC

Hi Barry. I hope you had a nice weekend. I am following up on the status of our conversation last Thursday in which we discussed the withdrawal of the subpoena to BasePoint without prejudice in exchange for the name and contact info of the party to whom the loan was assigned. You stated you believed the proposal was acceptable but you would confirm with Gibson Dunn. Please advise. Thank you.

Sent from my iPhone

On Sep 7, 2021, at 9:56 AM, Rob Millime

3

t
<rmmill
imet@
hotmail
.com>
wrote:

Dear Mr. Shelton:

I left you a voicemail
last Thursday
concerning a third-
party subpoena you
issued to BasePoint
Administrative LLC on
behalf of Dell, et al. I
am an attorney in
Dallas and I write on
behalf of BasePoint. I
would like to discuss
the subpoena to see if
we can resolve some
issues with the
subpoena. Please give
me a call at (469) 644-
1206. Thank you.

Sent from my iPhone

# EXHIBIT 21

|     | Issue | Relief Requested |
| --- | --- | --- |
| 1. | **Microsoft:** WSOU acquired the patents-in-suit through a Patent Purchase Agreement (PPA) and amendments thereto. The PPA and amendments reference documents relevant to understanding the agreement, damages, the valuation of the patents-in-suit, and standing. WSOU did not respond to any communications on this issue after July 2. The parties conferred on August 26 pursuant to the Court's order. | **Microsoft:** Microsoft respectfully requests the Court order WSOU to search for and produce all documents referenced within the Patent Purchase Agreement and amendments thereto: |
|     | **WSOU:** WSOU conducted a reasonable search and produced documents relating to the PPA that resulted from that search. WSOU is not knowingly withholding any Quarterly Reports or the letters referenced in the Forth Amendment to the PPA. | • Quarterly reports provided to ██████████████████████████████████████████████████████. <br> • Letters between WSOU and ████████████████████████████████████████████████████████████ |
|     | Further, WSOU should not be required to search for these specific items because they have no probative value beyond what is already disclosed in the PPA and the license agreements. |  |
|     | It is evident from the face of the Fourth Amendment to the PPA that the letters were negotiations. They are subsumed by the PPA. As the EDTX reasoned with respect to negotiations for licenses, here the ultimate PPA that issued **is** the evidence that matters.  The effect of requiting intermediate settlement steps to be revealed has more negative consequences than probative value. | **WSOU:** Deny Microsoft's request because: (1) negotiations leading to the PPA have no probative value beyond the information already disclosed in the PPA; and (2) Quarterly Reports (if any exist) have no information of probative value other than what is derived from the licenses. |
|     | Regarding the Quarterly Reports (if any exist), the PPA makes clear that information in the reports would merely summarize the licenses obtained (or possibly negotiations leading up to licenses). WSOU has already agreed to produce the licenses. |  |
| 2. | ████████████████████████████ | ████████████████████████ |

WSOU-MICAL-00006193



| | Issue | Relief Requested |
|---|---|---|

WSOU-MICAL-00006194

| | Issue | Relief Requested |
|---|---|---|
| |  | |
| 3. | **Microsoft:** Since June 11, 2021, Microsoft has requested WSOU produce documents regarding security interests in the patents-in-suit. To date, WSOU has only produced publicly recorded versions of the security interest agreements. In addition, WSOU has not produced security interest agreements executed after the filing of the lawsuits, such as the agreement with ███████ ███████████████ recorded under | **Microsoft:** Microsoft respectfully requests the Court order WSOU to produce all documents relating to security interests in the patents-in-suit and confirm that the publicly available documents produced to date constitute the complete agreements.<br><br>**WSOU:** Deny Microsoft's request because the request is unduly |

WSOU-MICAL-00006195

| | Issue | Relief Requested |
|---|---|---|
| | ██████████████████. WSOU did not respond to any communications on this issue after July 2.<br><br>The parties conferred on August 26 pursuant to the Court's order.<br><br>**WSOU:**  WSOU has already produced or will produce any publicly available security agreements. Non-public agreements have no probative value beyond what is already available in the public security instruments. Further, Microsoft has articulated no reason that such documents (if they exist) are relevant. *See Eidos Display, LLC v. AU Optronics Corporation*, 6:11-cv-00201-JRG-JDL, 2016 WL 6680578, at *5 (E.D. Tex. Nov. 14, 2016) (holding that a security interest in a patent does not present a "typical joinder issue" and does not create ownership rights in the patent). Thus, Microsoft's request is a mere fishing expedition to increase litigation costs, as there are no ownership issues in the case. | burdensome, costly, and not relevant to any issue present in the case. |
| 4. | ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████<br><br>████████████████████ ████████████████████ | ████████████████████ ████████████████████<br><br>████████████████████ ████████████████████ ████████████████████ |

Confidential

| | Issue | Relief Requested |
|---|---|---|
| |  | |

WSOU-MICAL-00006197



| | Issue | Relief Requested |
|---|---|---|

WSOU-MICAL-00006198

| | Issue | Relief Requested |
|---|---|---|



WSOU-MICAL-00006199

| | Issue | Relief Requested |
|---|---|---|
| |  | |
| 7. | | |

WSOU-MICAL-00006200

| | Issue | Relief Requested |
|---|---|---|
| |  | |

WSOU-MICAL-00006201



| | Issue | Relief Requested |
|---|---|---|
| | | |
| 8. | | |
| 9. | | |

| | Issue | Relief Requested |
|---|---|---|
| |  | |

WSOU-MICAL-00006203

**Representations of the Parties**

On August 26, 2021, the parties met-and-conferred on the issues above.  The parties made the representations below.

1. 

# EXHIBIT 22

—***** SEALED ***** SEALED ***** SEALED ***** SEALED *****—1—

1                 IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TEXAS
2                        WACO DIVISION

3   WSOU INVESTMENTS LLC        *  March 23, 2021
                               *
4   VS.                        *   CIVIL ACTION NOS.
                               *
5   MICROSOFT CORPORATION       *  W-20-CV-454 thru 465

6           BEFORE THE HONORABLE ALAN D ALBRIGHT
                DISCOVERY HEARING (via Zoom)
7
    APPEARANCES:
8
    For the Plaintiff:       James L. Etheridge, Esq.
9                            Travis Lee Richins, Esq.
                             Ryan Scott Loveless, Esq.
10                           Etheridge Law Group, PLLC
                             2600 E. Southlake Blvd., Suite 120-324
11                           Southlake, TX 76092

12                           Mark D. Siegmund, Esq.
                             Law Firm of Walt Fair, PLLC
13                           1508 N. Valley Mills Drive
                             Waco, TX 76710
14
    For the Defendant:       Brooke S. Boll, Esq.
15                           Irene Yang, Esq.
                             Sidley Austin LLP
16                           555 West Fifth Street
                             Los Angeles, CA 90013
17
                             Richard Chen, Esq.
18                           Richard A. Cederoth, Esq.
                             Sidley Austin LLP
19                           One South Dearborn
                             Chicago, IL 60603
20
                             Barry K. Shelton, Esq.
21                           Shelton Coburn LLP
                             311 RR 620 S, Suite 205
22                           Austin, TX 78734-4775

23  Court Reporter:          Kristie M. Davis, CRR, RMR
                             PO Box 20994
24                           Waco, Texas 76702-0994
                             (254) 340-6114
25

CONFIDENTIAL                                    WSOU-MICAL-00006178

1

2

3

4

5

6

7

8     The second dispute is over ████ letters that were

9  exchanged between ██████████████, ████████████

10 ██████████████

11     The ██████████████████████agreement

12 states that "various issues" were raised in these ████ letters

13 and that the amendment resolves those issues, but the document

14 itself doesn't explain -- the agreement doesn't explain what

15 the issues are.  And so we'd need to look at the underlying

16 letters to get a full understanding of the issues and the

17 context of the agreement, as well as how those issues will

18 impact the value of the patents.

19     And so that's just a brief overview of the points, and I

20 can dive in a little bit deeper on both of those if Your Honor

21 would like.

22     THE COURT:  Sure.  Go ahead, please.

23     MS. BÖLL:  Sure.  So in response to some of the points in

24 WSOU's half of the joint chart, we disagree that the ████████

25 ████████ are merely duplicative of license agreements.

1 █████████████████████████████████████

2 █████████████████████████████████████

3 █████████████████████████████████████

4 █████████████████████████████████████

5 █████████████████████████████████████

6 █████████████████████████████████████

7 █████████████████████████████████████

8 █████████████████████████████████████

9 █████████████████████████████████████

10 █████████████████████████████████████

11 █████████████████████████████████████

12 █████████████████████████████████████

13    So let's jump then to -- Mr. Etheridge, I interrupted you.

14 If you'll jump to your next response for what was being asked

15 for.

16    MR. ETHERIDGE:  Yeah.  I'd like to talk about these ████

17 letters that Brooke is speaking about.  And this kind of ties

18 into settlement negotiations.

19    What she's talking about is in a signed settlement

20 agreement the parties put in their "whereas" clauses that there

21 were these ████ letters that outline their relevant disputes.

22 And this particular agreement, ████████████████████

23 now resolves all those issues and there are no more

24 liabilities.

25    So what she's actually asking for are the settlement

1    negotiations, and they're not relevant.  At the end of the day,

2    it's what is -- what does the agreement say, and the

3    agreement's been produced.

4        And this same -- I mean, this is the same as in No. 4,

5    where they want settlement negotiations.  And we had this same

6    issue many, many times in the Eastern District, and I think

7    Judge Payne probably put it best.  At one point Google was

8    asking for -- they filed a motion to compel licensing

9    negotiations, and he said it's clear that unconsummated

10   settlement and license negotiations of the patents-in-suits are

11   simply not discoverable.

12       And then he went on to -- and he refused to compel

13   unconsummated agreements because they are unreliable, and

14   compelling them would have a chilling effect on settlement

15   negotiations.

16       So then Microsoft moved on to, well, okay.  What about

17   where there is a consummated agreement?  And he spoke and he

18   said, look, I've analyzed this issue several times and I've

19   always come to the same conclusion, that the ultimate license

20   that issues is the evidence that matters, and the effect of

21   requiring intermediate settlement steps to be revealed has far

22   more negative consequences than any possible probative value.

23       So that's what she's asking for.  What were the

24   communications between the parties when they were negotiating

25   and talking about their disputes?  And what we produced for her

1    is the consummated agreement that resolves all those disputes.

2        THE COURT:  Counsel?

3        MS. BÖLL:  Your Honor, I should have stated this at the

4    beginning of the hearing, but Microsoft is withdrawing that

5    fourth issue on the negotiation documents.

6        But I would respond that these particular ███ letters we

7    are interested in receiving are not -- that we're asking for --

8    to be produced are not traditional settlement negotiations.

9    These are essentially expressly incorporated by reference into

10   the agreement.

11       And if I may share my screen, Your Honor -- I think we're

12   under seal here in this hearing, so I should -- this should be

13   okay to share with you.

14       Please let me know when you can see that, Your Honor.

15       And so this is not just simply a "whereas" clause.  This

16   is actually a full section of the agreement that discusses

17   resolution of any claims in the letters.

18       And so here you'll see there are four letters mentioned in

19   ███ -- and I'll just scroll down -- and it discusses releases

20   of certain liabilities and ████████████████████████

21   █████████

22       THE COURT:  I've got it.

23       Mr. Etheridge, why wouldn't these letters be part of the

24   license agreements?

25       MR. ETHERIDGE:  Because the license agreement is what is

1    relevant, not what the dispute was.  This is similar to

2    saying --

3         THE COURT:  Well, if you'll -- let me have -- counsel, if

4    you would put the language back up that was just shown where

5    the license agreement specifically references these letters.

6    Not -- these weren't negotiation letters, I don't think.  It

7    says -- oh, I'm sorry.  I misread.  Various issues were raised

8    in certain letters.  These letters are...

9         So these are not incorporated to explain this.  It's just

10   that these are identified as letters that eventually got you to

11   the point where this agreement was done, correct?

12        MR. ETHERIDGE:  That's correct, Your Honor.  And you can

13   even see --

14        THE COURT:  I got it.  I got it.

15        MR. ETHERIDGE:  -- we resolve the issues and claims.

16        THE COURT:  I'm not going to require you to produce those.

17        MR. ETHERIDGE:  Okay.  Thank you, Your Honor.

18        THE COURT:  So is -- does that take care of Issue No. 1

19   for Microsoft, or is there anything else we need to take up?

20        MS. BÖLL:  There's nothing else we need to take up, Your

21   Honor.  But if I may, I think this is a little bit different

22   than the Eastern District of Texas cases in the sense that

23   typically a settlement agreement --

24        THE COURT:  I think I've ruled.

25        MS. BÖLL:  Okay.  All right.

1          MR. SHELTON:  Today is September 7th, Your Honor.

2          THE COURT:  Well, then you all will do it by Thursday.

3          MR. SHELTON:  Very good.  Thank you, Your Honor.

4          THE COURT:  Okay.  Next up is Microsoft respectfully

5    requesting the Court to order the plaintiff to produce all

6    documents relating to security interest in the patent-in-suit.

7          Microsoft will tell me why they want them, and

8    Mr. Etheridge or team can tell me why they're not being

9    provided.

10          MS. BÖLL:  Yes, Your Honor.  We have asked -- WSOU has

11   produced the public versions only of security interests and has

12   not yet supplemented those productions to reflect security

13   interests entered into since the litigation started.

14          And so the relevance of this, Your Honor, is that security

15   interests can impact ownership.  So, for example, in a recent

16   case in the Northern District of California involving Uniloc

17   and Apple, the case was dismissed where the holder of the

18   security interest upon default earned the right to license the

19   patents, therefore the plaintiff lacked exclusionary rights.

20          So in that sense security interests can be very probative

21   of standing which is a threshold issue in the case.

22          THE COURT:  Here's what I'm going to do.

23          I'm assuming this is before me, Mr. Etheridge, because you

24   all don't want to produce it?  Is that a fair assumption?

25          MR. ETHERIDGE:  Well, I think the important part, which is

—*****  SEALED  *****  SEALED  *****  SEALED  *****  SEALED  *****—30—

1    the public version, has been --

2        THE COURT:  No.  I just need to know what you all --

3        MR. ETHERIDGE:  Right.  Right.  We just don't think it's

4    even relevant.

5        THE COURT:  Okay.  I got it.

6        MR. ETHERIDGE:  She's talking about the --

7        THE COURT:  I got it.  I got it.  So here is what I'm

8    going to do.  I will allow Microsoft to take a 30(b)(6) of

9    someone at the plaintiff to ask that person whether or not

10   there are any documents who would have -- or not documents.

11   They can ask someone -- plaintiff -- whether or not anyone has

12   a security interest in any of the patents-in-suit that would

13   potentially take away jurisdiction from the plaintiff in this

14   case because of ownership.

15       And so I'll give you two hours to depose someone from

16   plaintiff, and that's the topic is security.  And does any

17   third party other than the plaintiff have a security interest

18   in the patents-in-suit that would constitute ownership of

19   the -- that would impact the plaintiff's ownership or indicate

20   that someone else has ownership?

21       And plaintiff can produce someone within the next -- if

22   you -- well, I'd like it to be done like within the next week

23   if you can, just so if -- depending on how that goes, if you

24   need to come back to me I can deal with this quickly.

25       Can you get that done from someone on your team,

—*****SEALED *****SEALED *****SEALED *****SEALED *****—31—

1   Mr. Etheridge, within a week?  Or would you need more time?

2        MR. ETHERIDGE:  If you could give us two weeks, I'll push

3   to try to get it done.

4        THE COURT:  Okay.  Let's do two weeks.

5        And then if -- to Microsoft, if you, after you take that

6   deposition, if you feel like you have a good-faith basis to ask

7   for those documents because you think they're relevant, you can

8   come back and I'll be happy to visit it.

9        MS. BÖLL:  Thank you, Your Honor.

10        THE COURT:  Next issue, Microsoft respectfully requests

11   the Court to order the plaintiff to produce all proposed

12   licenses and other negotiation documents.

13        MS. BÖLL:  Your Honor, we withdraw this request, as I've

14   already stated.

15        THE COURT:  That was very wise of you.  It would not have

16   taken very long to get it resolved.

17        So next -- it shows very good judgment.  You know what I

18   think I would do if I went back and practiced -- and I can

19   assure you that will never happen, but I think at every hearing

20   I would add something I didn't really care about and then just

21   to curry favor I would say, Judge, we're good.  I'll skip that.

22        So next up is, "Microsoft respectfully requests the Court

23   to order the plaintiff to produce financial statements, income

24   statements, profit and loss statements, annual reports or other

25   similar documents."

```
1   UNITED STATES DISTRICT COURT )

2   WESTERN DISTRICT OF TEXAS    )

3

4       I, Kristie M. Davis, Official Court Reporter for the

5   United States District Court, Western District of Texas, do

6   certify that the foregoing is a correct transcript from the

7   record of proceedings in the above-entitled matter.

8       I certify that the transcript fees and format comply with

9   those prescribed by the Court and Judicial Conference of the

10  United States.

11      Certified to by me this 7th day of September 2021.

12
                                /s/ Kristie M. Davis
13                              KRISTIE M. DAVIS
                                Official Court Reporter
14                              800 Franklin Avenue
                                Waco, Texas 76701
15                              (254) 340-6114
                                kmdaviscsr@yahoo.com
16

17

18

19

20

21

22

23

24

25
```

# EXHIBIT 23



| Issue No. 9 – Security Interests | Request |
|---|---|
| **Microsoft:** Following the Court-ordered deposition of WSOU's corporate representative on security interests, Mr. Shanus, Microsoft has confirmed that there are two security interests that may impact WSOU's standing in the cases. ███████ ██████████████ currently has an unreleased security interest in all of WSOU's right, title, and interest in the patents-in-suit. To date, WSOU has only produced the public, recorded security interest. However, as the | **Microsoft:** Microsoft respectfully requests the Court order WSOU to produce the Loan Agreement and full Security Agreement for both ███████████████ and ██████ ████████████ security interests. |

Confidential

public agreement indicates and Mr. Shanus confirmed, it is the full Security Agreement and Loan Agreement that govern the relationship between WSOU and ███████ ███████ Without production of the underlying documents, Microsoft cannot discern the operative rights of the parties to the security interests, including the conditions under which default may occur.

For similar reasons, Microsoft also requests that WSOU produce the Loan Agreement, full Security Agreement, and any other documents relevant to the ███████ security interest dated ███████ and released on ███████ If WSOU was in breach of the ███████ security interest between the time the complaints were filed in June of 2020 and May 28, 2021, that would impact WSOU's standing. *See, e.g.*, *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618-19 (Fed. Cir. 2016) (plaintiff must hold all substantial rights in the patents-in-suit at the time suit is filed).

---

**WSOU:** At the September 7, 2021 hearing, Microsoft argued that a security instrument could be relevant if there was a default under the agreement. The court allowed Microsoft a two hour deposition of WSOU to determine if there was a security interest that could have affected WSOU's ownership.

The Court stated: "I'll give you two hours to depose someone from plaintiff, and that's the topic is security. And does any third party . . . have a security interest in the patents-in-suit that would constitute ownership of the -- that would impact the plaintiff's ownership or indicate that someone else has ownership?"

During the deposition, Microsoft questioned WSOU about two security agreements. One was given to ███████, which Microsoft acknowledges was released on ███████ and one was given to ███████ This ███████

**WSOU:** Deny Microsoft's request because there is no evidence of any security interest that could possible affect WSOU's ownership of the patents.

Page 14

WSOU-MICAL-00006218

██████ agreement is still in place and there has been no default of that agreement.

Mr. Shanus' testimony confirms there has been no default and no notice of default under any security agreement. Shanus Depo. 38.

████████████████ ████   and ████████████████████ h ███████████, ██████ did you speak ██████ about? ██ f he was aware if there have ever been a default under any of the loan agreements that would have triggered a change in ownership under the security agre
Q.  What did ████████ tell you [sic] whe███████ e had ever been a default under any of the loan agreements? A.  He was unaware of any defaults.
██████████ id you speak to ████ ██████████ about? A.  The
Q.  What did ████████████ tell you abou███████ e had ever been a default under any of the loan agreements? A.  He was unaware of any defaults. MS. BOLL:  I have no further questions.

Microsoft re-urges this issue with nothing new. The security agreements it questioned Mr. Shanus about are a matter of public record and were discussed at the last hearing. Microsoft offers no evidence of any circumstance under which the agreements could be relevant to standing.

Microsoft's continued fishing expedition should be denied, as the Court has already denied such a request previously. *See* Sept. 7, 2021, Hr. Tr. at 31:10-16. The underlying

Page 15

Confidential

loan documents are not relevant to a claim or defense in this case, as the operative document – the publicly recorded security agreement – has already been produced. *See Eidos Display, LLC v. AU Optronics Corporation*, 6:11-cv-00201-JRG-JDL, 2016 WL 6680578, at *5 (E.D. Tex. Nov. 14, 2016) (holding that a security interest in a patent does not present a "typical joinder issue" and does not create ownership rights in the patent).

Microsoft's request for the already released security agreement is also not relevant, as publicly recorded release indicates, ███ ████████ no longer has any interest in the asserted patents, and thus no ownership issues exist. If WSOU was in breach of the agreement (it wasn't), then ████████ would not have filed a publicly recorded release, which is confirmation to the general public is no longer has any interest in the patents.

| Issue No. 10 – ████████████ | Request |
|---|---|



Confidential

# EXHIBIT 24

***** SEALED ***** SEALED ***** SEALED ***** SEALED *****

1                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF TEXAS
2                              WACO DIVISION

3    WSOU INVESTMENTS LLC          *   October 7, 2021
                                   *
4    VS.                           *   CIVIL ACTION NOS.
                                   *
5    MICROSOFT CORPORATION         *   W-20-CV-454 thru 465

6              BEFORE THE HONORABLE ALAN D ALBRIGHT
                    DISCOVERY HEARING (via Zoom)
7
     APPEARANCES:
8
     For the Plaintiff:        James L. Etheridge, Esq.
9                              Travis Lee Richins, Esq.
                               Ryan Scott Loveless, Esq.
10                             Nathan Cummings, Esq.
                               Etheridge Law Group, PLLC
11                             2600 E. Southlake Blvd., Suite 120-324
                               Southlake, TX 76092
12
                               Mark D. Siegmund, Esq.
13                             Law Firm of Walt Fair, PLLC
                               1508 N. Valley Mills Drive
14                             Waco, TX 76710

15   For the Defendant:        Brooke S. Boll, Esq.
                               Sidley Austin LLP
16                             555 West Fifth Street
                               Los Angeles, CA 90013
17
                               Richard Chen, Esq.
18                             Richard A. Cederoth, Esq.
                               John W. McBride, Esq.
19                             Sidley Austin LLP
                               One South Dearborn
20                             Chicago, IL 60603

21                             Barry K. Shelton, Esq.
                               Shelton Coburn LLP
22                             311 RR 620 S, Suite 205
                               Austin, TX 78734-4775

23

24

25

1    show you one of these.

2         THE COURT:  Okay.

3         MS. BÖLL:  The issue, Your Honor, is that they have been

4    produced with redactions.  And these are provided to a third

5    party.  Courts have found unilateral non-privileged-related

6    redactions improper, as the full context of the document is

7    appropriate for discovery.

8         THE COURT:  Let me hear from WSOU.  Generically speaking,

9    what is the content that's been reacted?

10        MR. ETHERIDGE:  Yes, Your Honor.  There's two of these and

11   only two of them.  They were produced.  You might remember in

12   that hearing, you told us that if it's negotiations, that

13   Brooke was seeking negotiations.  And she said they pulled that

14   back, and you said that's good, it's very wise of you, it would

15   not have taken very long to deny that.

16        What is redacted are the comments about negotiations.

17        THE COURT:  And that's your representation on the record

18   to me?

19        MR. ETHERIDGE:  Yes, sir.

20        THE COURT:  Okay.  Ms. Böll, what's your response?

21        MS. BÖLL:  Your Honor, this appears to be a summary report

22   which --

23        THE COURT:  I don't care -- I don't care what it appears

24   to be.  You have a representation from counsel of record of

25   something that I ordered -- that he's complied with something

CONFIDENTIAL
WSOU-MICAL-00006189

1   that I have ordered.  Do you have any reason to believe that

2   he's not being truthful?

3       MS. BÖLL:  No, Your Honor.  But for context we would ask

4   that the redaction box reflect the subject matter of the

5   material that's redacted.  For example, redacted negotiation

6   discussion, something like that so that we have context within

7   the document.

8       THE COURT:  What I will do is I'll ask -- I'll order the

9   plaintiff to verify to you, to Microsoft, that every redaction

10  that's in those two documents that are produced is because it

11  deals with negotiations.

12      Mr. Etheridge, would that be correct?

13      MR. ETHERIDGE:  That's correct.  And we're happy to do

14  that.

15      THE COURT:  Okay.

16      What's the next issue?

17

18

19

20

21

22

23

24

25

CONFIDENTIAL

WSOU-MICAL-00006190

1  UNITED STATES DISTRICT COURT )

2  WESTERN DISTRICT OF TEXAS    )

3

4      I, Kristie M. Davis, Official Court Reporter for the

5  United States District Court, Western District of Texas, do

6  certify that the foregoing is a correct transcript from the

7  record of proceedings in the above-entitled matter.

8      I certify that the transcript fees and format comply with

9  those prescribed by the Court and Judicial Conference of the

10 United States.

11     Certified to by me this 7th day of October 2021.

12
                              */s/ Kristie M. Davis*
13                            KRISTIE M. DAVIS
                              Official Court Reporter
14                            800 Franklin Avenue
                              Waco, Texas 76701
15                            (254) 340-6114
                              kmdaviscsr@yahoo.com
16

17

18

19

20

21

22

23

24

25